# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY EUGENE BROOKS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-00168-AWI DLB PC<br><br>ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>(Doc. 13) |

　　Plaintiff Anthony Eugene Brooks ("plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff filed an amended complaint on May 19, 2008. (Doc. 13).

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Summary of Plaintiff's Amended Complaint**

Plaintiff is presently incarcerated at Atwater U.S. Penitentiary in Atwater, California. Plaintiff names the United States of America, U.S. Attorney, State of California, Justice Department, Federal Bureau of Prisons, and Warden Dennis Smith as defendants. Plaintiff seeks equitable relief and money damages.

Plaintiff contends that on October 19, 2004, police conducted an illegal search of the rooming house where he resided. Plaintiff states that he was later falsely imprisoned and falsely accused of possession of ammunition. Plaintiff contends that he has been wrongly imprisoned for three and a half years, and that he has been subject to cruel and unusual punishment, humiliation, mental pain ans suffering, stress, and addiction to psych medications.

**A.     Plaintiff's Allegations of Unconstitutional Conviction and/or Imprisonment**

Plaintiff contends that he is falsely imprisoned and he seeks, *inter alia*, money damages for false imprisonment.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or

2

sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. In this instance, plaintiff has not alleged any facts that suggest his conviction has been invalidated.

The court will, by this order, dismiss plaintiff's amended complaint, with leave to amend. If plaintiff wishes to pursue claims for relief under Bivens based on conditions of confinement that violate his constitutional rights, plaintiff may file a second amended complaint. If plaintiff wishes to challenge the fact or duration of his confinement, he may not do so in this action and must file a petition for writ of habeas corpus. If plaintiff decides he does not want to pursue this action, plaintiff may file a notice of voluntary dismissal.

**B.     Immunity from Suit**

Plaintiff names, *inter alia*, the United States, the Federal Bureau of Investigation, the Justice Department, and the Federal Bureau of Prisons as defendants.

A Bivens claim is not available against the United States or a federal agency. FDIC v. Meyer, 510 U.S. 471, 486 (1994); Cato v. United States, 70 F.3d 1103, 1110 (9th Cir. 1995). A Bivens claim likewise is not available against the Federal Bureau of Investigation. Gerritsen v. Consulado General de Mexico, 989 F. ed 340, 343 (9th Cir. 1993).

Accordingly, plaintiff fails to state a claim against the United States, the Federal Bureau of Investigation, the Justice Department, and the Federal Bureau of Prisons. Plaintiff also names U.S. Attorney as a defendant. To the extent that plaintiff is referring to the U.S. Attorney's Office, plaintiff also fails to state a claim.

**C.     Plaintiff's Strip-Search Claims**

Plaintiff contends that he has been subjected to humiliating and illegal strip searches for three and a half years, in violation of the Fourth Amendment. Plaintiff makes reference to an incident occurring at Federal Correctional Institution - Schuylkill in Minersville, Pennsylvania, where plaintiff was previously incarcerated.

The Fourth Amendment right to be secure against unreasonable searches and seizures extends to incarcerated prisoners. Thompson v. Souza, 111 F.3d 694, 699-700 (9th Cir. 1997). "[T]he reasonableness of a particular search is determined by reference to the prison context." Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988).

Plaintiff may be able to state a cognizable claim for violation of his right to be secure from unreasonable search and seizure. However, plaintiff has not linked the conduct complained of to any named defendant, and there can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

With respect to plaintiff's allegations concerning his conditions of confinement at Federal Correctional Institution - Schuylkill, plaintiff is advised that he may not allege unrelated claims involving different defendants in a single lawsuit. F.R.C.P. 18(a), see also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). If plaintiff wishes to pursue a claim concerning the conditions of his confinement, and the actions of the correctional staff at Federal Correctional Institution - Schuylkill, plaintiff must file a separate Bivens action in the appropriate venue.

### D.    Plaintiff's Racial Allegations

Plaintiff alleges that a kitchen supervisor at Federal Correctional Institution - Schuylkill used a racial slur, and later apologized. Plaintiff's allegation fails to state a claim upon which relief may be granted. The incident complained of simply does not rise to the level of a constitutional violation.

### E.    Plaintiff's Medical Care Claim

Plaintiff states that he has inflicted serious injuries upon himself. Plaintiff further states that on one occasion, his right ear was injured and he was unable to see a doctor for three days. Plaintiff contends that he has now lost 50-75% of his hearing. Plaintiff contends that "this would not be the case" if he was not falsely imprisoned.

Plaintiff further alleges that Atwater prison is built on a former air force base and wetlands, which plaintiff contends are nuclear waste sites. Plaintiff contends that he is now being subjected to nuclear waste, and radiation, which has resulted in his medical ailments.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Finally, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are

1  sufficiently grave to constitute cruel and unusual punishment. Hudson v. McMillian, 503 U.S. 1,
2  9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for such a
3  violation, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and
4  disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S.
5  825,847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff again fails to link the conduct complained of to any named defendant. Plaintiff has not sufficiently alleged that any of the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. Plaintiff therefore fails to state a cognizable claim.

Finally, Plaintiff is reminded that if he wishes to challenge the legality of his conviction, his sole federal remedy is a writ of habeas corpus. Preiser, Young.

**III.    Conclusion**

The court finds that plaintiff's complaint does not contain any claims for relief that are cognizable under Bivens. The court will provide plaintiff with the opportunity to file a second amended complaint curing the deficiencies identified by the court in this order.

In his second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

///

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;

2. Plaintiff's amended complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under Bivens;

3. If plaintiff wishes to pursue this civil rights action, plaintiff must file a second amended complaint within **thirty (30) days**;

4. Plaintiff may not add any new, unrelated claims to this action via his second amended complaint and any attempt to do so will result in an order striking the second amended complaint; and

5. If plaintiff does not wish to pursue this action, plaintiff may file a notice of voluntary dismissal within **thirty (30) days** from the date of service of this order; and

6. If plaintiff neither files a notice of voluntary dismissal nor files a second amended complaint, this action will be dismissed with prejudice for failure to obey a court order and for failure to state any claims upon which relief may be granted under Bivens.

IT IS SO ORDERED.

Dated:   **September 26, 2008**                         **/s/ Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE