# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY EUGENE BROOKS,<br><br>          Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:08-cv-00168 AWI DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO STATE A CLAIM<br><br>(Doc. 17)<br><br>OBJECTION DUE WITHIN FIFTEEN DAYS |

     Plaintiff Anthony Eugene Brooks ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. On September 29, 2008, the court dismissed plaintiff's amended complaint for failure to state any claims upon which relief may be granted and ordered plaintiff to file a further amended complaint or a notice of voluntary dismissal within thirty days from the date of service of the order. Plaintiff did not comply with the Court's order and on November 5, 2008, the Court issued a Findings and Recommendations, recommending that the action be dismissed for failure to obey a court order and for failure to state a claim. Plaintiff filed an objection on November 21, 2008, stating that he had not received the Court's September 29, 2008.

     On December 2, 2008, the Court issued an order vacating the Findings and Recommendations. The Clerk of the Court was directed to send to Plaintiff a copy of the Court's September 29, 2008 order, and Plaintiff was provided with an additional thirty (30) days to comply.

1   More than thirty days have passed and plaintiff has not filed an amended complaint or notice of
2   voluntary dismissal, or otherwise responded to the court's order.
3       Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local
4   Rules or with any order of the Court may be grounds for the imposition by the Court of any and all
5   sanctions . . . within the inherent power of the Court." District courts have the inherent power to
6   control their dockets and "in the exercise of that power, they may impose sanctions including, where
7   appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.
8   1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an
9   action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v.
10  Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.
11  Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
12  requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
13  (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of
14  address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
15  comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
16  failure to lack of prosecution and failure to comply with local rules).
17      In determining whether to dismiss an action for lack of prosecution, failure to obey a court
18  order, or failure to comply with local rules, the court must consider several factors: (1) the public's
19  interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk
20  of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
21  (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at
22  1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.
23      In the instant case, the court finds that the public's interest in expeditiously resolving this
24  litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has
25  been pending since January 28, 2008. The third factor, risk of prejudice to defendants, also weighs
26  in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay
27  in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth
28  factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the

1  factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure
2  to obey the court's order will result in dismissal satisfies the "consideration of alternatives"
3  requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d
4  at 1424.  The court's order requiring plaintiff to file an amended complaint or notice of voluntary
5  dismissal expressly stated: "If plaintiff neither files a notice of voluntary dismissal nor files a second
6  amended complaint, this action will be dismissed with prejudice for failure to obey a court order and
7  for failure to state a claim upon which relief may be granted under Bivens."  Thus, plaintiff had
8  adequate warning that dismissal would result from his noncompliance with the court's order.

9        Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice,
10  for failure to obey a court order and failure to state a claim upon which relief may be granted.

11        These Findings and Recommendations are submitted to the United States District Judge
12  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15)**
13  **days** after being served with these Findings and Recommendations, plaintiff may file written
14  objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's
15  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
16  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
17  1153 (9th Cir. 1991).

19     IT IS SO ORDERED.

20     **Dated:   January 21, 2009**                    /s/ **Dennis L. Beck**
                                                                   UNITED STATES MAGISTRATE JUDGE